**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VICTOR RAYNARD PATTERSON,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 3:CV-15-0098 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Respondent | : | |

**M E M O R A N D U M**

**I.    Introduction**

Petitioner, Victor Raynard Patterson, a federal inmate formerly housed at the Allenwood Low Federal Correctional Institution in White Deer, Pennsylvania, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Patterson claims that, in light of the holding in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015)[1] which declared the residual clause of the Armed Career Criminal Act (ACCA) unconstitutionally vague, his present sentence must be vacated.[2] (ECF No. 1).

---

[1]  We note that in *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review.

[2]  The Armed Career Criminal Act provides for a 15-year mandatory minimum sentence for certain defendants who have three or more prior convictions for a serious drug offense or a violent felony. *See* 18 U.S.C. § 924(e).

Because Mr. Patterson's Petition raises claims more appropriately addressed under 28 U.S.C. § 2255, not Section 2241, this Court does not have jurisdiction to address the Petition. However, in the interest of justice given Mr. Patterson's *Johnson* claim, this matter will be transferred to the United States Court of Appeals for the Third Circuit for treatment as a motion to file a successive § 2255 motion.

## II.     Background

On August 23, 2006, Mr. Patterson was indicted on a single count of being an armed career criminal in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and § 924(e). *See United States v. Patterson*, 1:06-cr-00289-CCC-1 (M.D. Pa.);[3] and *United States v. Patterson*, Crim. No. 1:06-CR-00289, 2010 WL 2853565 (M.D. Pa. Jul. 20, 2010). The following prior convictions were noted in the Indictment:

> 1. Possession of a Firearm by a Convicted Felon, April 1,1994, United States District Court for the Middle District of Pennsylvania, Docket Number 1:93-CR-00218;
>
> 2. Delivery of a Controlled Substance, April 11, 1994, Dauphin County Court of Common Pleas, Docket Number 953 CD 93;
>
> 3. Delivery of a Controlled Substance, January 18, 1989, Dauphin County Court of Common Pleas, Docket Number 2125 DC 1988; and

---

[3] The Court takes judicial notice of the docket in Mr. Patterson's criminal proceedings. *See United States v. Patterson*, 1:06-cr-00289 (M.D. Pa.) which is viewable via the federal judiciary's Public Access to Court Electronic Records (PACER) Service at https://www.pacer.gov.

> 4. Delivery of a Controlled Substance, July 9, 1986, Dauphin County Court of Common Pleas, Docket Number 621 CD 1986.

*See Patterson*, 1:06-cr-00289-CCC-1 (M.D. Pa.), ECF No. 1, Indictment. On March 29, 2007, Mr. Patterson plead guilty to the sole count in the indictment. *Patterson*, 2010 WL 2853565 at *1. In doing so, the Government and Mr. Patterson entered into a plea agreement that specified the minimum mandatory sentence for his offense was 15 years and the maximum possible sentence was life imprisonment plus fines and costs. *Patterson*, 1:06-cr-00289-CCC-1 (M.D. Pa.), ECF No. 23, ECF pp. 1 - 3, Plea Agreement.

On August 6, 2007, Mr. Patterson was sentenced to a term of 180-months' incarceration. (*Id*.; *see also Patterson*, 1:06-cr-00289-CCC-1 (M.D. Pa.), ECF No. 37, Judgment.) Mr. Patterson appealed his conviction and sentence to the United States Court of Appeals for the Third Circuit arguing that his felony drug convictions from 1986 and 1989 were too remote for sentencing enhancement purposes under 18 U.S.C. § 924(e). On December 12, 2008, the Third Circuit Court of Appeals affirmed his judgment of sentencing noting that "[n]othing in the statute establishes a time limit for the consideration of convictions for the purposes of imposing the fifteen-year minimum sentence" under section 924(e). *United States v. Patterson*, 302 F. App'x 79, 81 (3d Cir. 2008).

On December 3, 2009, Mr. Patterson filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. *See Patterson*, 1:06-cr-00289-CCC-1 (M.D. Pa.),

ECF No. 49, Mot. to Vacate, set Aside, or Correct Sentence; *see also Patterson,* 2010 WL 2853565, at * 1.  He withdrew his initial § 2255 motion and filed an amended petition on March 30, 2010 based on his counsel's ineffectiveness for failing to move to suppress evidence collected from the search of his home.  *See Patterson*, 1:06-cr-00289-CCC-1 (M.D. Pa.), ECF No. 60, Amended § 2255 Mot.; *see also Patterson,* 2010 WL 2853565, at * 1.  In his § 2255 petition, Mr. Patterson did not argue that any of his state drug convictions did not constitute "serious drug offenses" for enhancement purposes under the ACCA.  On July 20, 2010, the sentencing court denied the motion and denied issuance of a certificate of appealability.  (*Id*.; *see also Patterson*, 1:06-cr-00289-CCC-1 (M.D. Pa.), ECF No. 63.)

On January 15, 2015. Mr. Patterson filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 arguing that in light of the United States Supreme Court's ruling in *Johnson*, his sentence was improperly enhanced under the ACCA.  (ECF No. 1, Pet.)  On March 11, 2015, the Government filed a Response to the Petition suggesting it be dismissed for lack of jurisdiction.  (ECF No. 5.)

**III.    Discussion**

    **A.    Legal Standards Applicable to Section 2241**

As a general rule, a federal prisoner may challenge his conviction or sentence only by means of a motion under 28 U.S.C. § 2255 brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus.  *See Okereke*

*v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Prisoners who have already filed a § 2255 motion, may file a "second or successive motion" provided that "a panel of the appropriate court of appeals" has certified that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Thus, with limited exceptions, a habeas corpus petition challenging a prisoner's conviction or sentence pursuant to 28 U.S.C. § 2241 may not be entertained unless a § 2255 motion would be "inadequate or ineffective" to test the legality of the petitioner's detention. *See* 28 U.S.C. § 2255(e); *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 102 (3d Cir. 2017). In considering what it means to be "inadequate or ineffective," the Third Circuit has stated that a federal prisoner should be permitted to seek relief under § 2241 "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). Such situations are rare. The Third Circuit has applied this "safety valve" only where a prisoner is in the unusual position of having no earlier opportunity

to challenge his conviction or "is being detained on conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision." *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251-52)*.*

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle,* 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538 (citation omitted). Section 2255(e), the safety-valve clause, "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id*. at 539.

### B. Analysis

It is clear that Mr. Patterson is challenging the validity of his August 6, 2007, sentence imposed by this district under the ACCA based on recent Supreme Court law made retroactive to cases on collateral appeal. Thus, he must raise such a challenge in the sentencing court under 28 U.S.C. § 2255 unless he demonstrates that the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e).

Petitioner does not allege facts to bring him within the *Dorsainvil* exception. He does not allege that he had no earlier opportunity to challenge his conviction for a crime than an intervening change in substantial law may negate. Rather, Mr. Patterson's

claim is focused on the alleged impropriety of his sentence, not the offense for which he was convicted. The Court therefore lacks jurisdiction to consider his Petition. *See Scott v. Shartle*, 574 F. App'x 152, 155 (3d Cir. 2014) (nonprecedential) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in *In re Dorsainvil* and cannot proceed under § 2241."). *Welch* made *Johnson* retroactive to cases on collateral review, but as noted by the Third Circuit Court of Appeals, "§ 2241 is not available for an intervening change in the sentencing laws." *Pearson v. Warden Canaan USP*, ___ F. App'x ___, ___, 2017 WL 1363873, at *2 (3d Cir. 2017) (nonprecedential) (citing *Okereke*, 307 F.3d at 120 - 21). Thus, Mr. Patterson's appropriate recourse is to pursue his *Johnson* claim by requesting permission from the Third Circuit Court of Appeals to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3).

Accordingly, this Court does not have jurisdiction to address this matter. However, in light of Mr. Patterson's *Johnson* claim, and in the interest of justice, the Court will transfer this case pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals the Third Circuit for treatment as a motion to file a successive § 2255 motion. *See Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court with the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer

it to the court of appeals pursuant to 28 U.S.C. § 1631."); *see also Wood v. Maiorana*, Civ. No. 3:CV-15-1409, 2015 WL 4663267 (M.D. Pa. Aug. 6, 2015) (Caputo, J.).

An appropriate order follows.

                                       **/s/ A. Richard Caputo**
                                       **A. RICHARD CAPUTO**
                                       **United States District Judge**

**Date:  June 9, 2017**